IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 22-cv-00064-LTB-GPG

MEL MARIN,

    Plaintiff,

v.

LARRY DALE ROSS, JR., and
ROADRUNNER SCOOTERS LLC,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the "First Amended Complaint for Fraud, and for Conversion and for Violation of the California Civil Code Section 1798.140(o)(1) and for Invasion of Privacy Under the Common Law" (ECF No. 10)[1] ("the first amended complaint") filed *pro se* by Plaintiff, Mel Marin, on April 1, 2022. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 12.)[2]

---

[1] "(ECF No. 10)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved

The Court must construe the first amended complaint liberally because Mr. Marin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the first amended complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## I. DISCUSSION

Plaintiff, a resident of San Diego, California, initiated this action by filing a Complaint (ECF No. 1) invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the Complaint Plaintiff asserted claims for fraud and conversion stemming from his attempt to purchase an electric scooter from Defendants. Plaintiff alleges Defendant Roadrunner Scooters LLC is a Colorado company and that Defendant Larry Dale Ross, Jr., is a Colorado resident and the owner and/or controller of Roadrunner Scooters LLC. As relief on both claims Plaintiff sought $1,500 for the cost of the scooter, $3.8 million for the cost of dismissed legal filings, and $2 million in punitive damages.

On January 18, 2022, the Court ordered Plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction because the

---

party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Court determined Plaintiff's claims did not satisfy the amount in controversy necessary to establish diversity jurisdiction. Plaintiff has not filed a response to the Court's show cause order. Instead, Plaintiff filed the first amended complaint (ECF No. 10). The Court construes the first amended complaint as Plaintiff's response to the show cause order.

- **First Amended Complaint**

Plaintiff alleges in the first amended complaint that he contracted with Defendants on January 2, 2022, to purchase an electric scooter "in the amount of about $1,500." (ECF No. 10 at p.2.) He further alleges that "[t]he terms of the contract included buyer providing a house address to which the scooter would be delivered, the buyer making payment for the full amount by card, and the seller making delivery from its Los Angeles warehouse to leave the next day, Monday, January 3, which was represented to arrive in San Diego by Tuesday morning, January 4." (*Id.*) Plaintiff contends he paid for but did not receive the scooter. Instead, he asserts he "received a notice from a third-party not identified in the contract suggesting the possibility that they had received plaintiff's confidential banking record and card information and name and address and name of the scooter from the defendants." (*Id.*) Plaintiff further asserts that "defendants never gave notice that a third-party would intervene and demand private identity records and financial account numbers as a condition of taking possession of the scooter" and that "defendants were in on the identity theft scheme to collect unnecessary records to sell to criminal identity brokers to later steal." (*Id.* at pp.3 & 4.)

According to Plaintiff, he informed Defendants on January 4 "that he needed that scooter immediately" to visit a law library and conduct legal research in pending cases

worth more than $2 million. (*Id.* at p.4.) One of the cases apparently pertains to a complaint Plaintiff filed with the Civil Rights Office of the Department of Education seeking an accommodation under the Rehabilitation Act of 1973 to complete a college course necessary to obtain a patent agent license and apply to a graduate school program in 2022. Plaintiff alleges the civil rights office "gave plaintiff a deadline to submit his full legal argument to support his initial complaint so that gave him only days to receive the scooter in San Diego, and use it to reach the only open law library in the city, do the research on the law, draft the legal memo and submit it by end of day Wednesday, January 5." (*Id.* at p.6.) Plaintiff concedes he made it to the law library by bus on January 5, but "it took 4 hours to arrive and by the time it got to the law library he had only two hours because the library hours were shortened due to the COVID." (*Id.*) Plaintiff contends the civil rights office denied his complaint on January 6 and, as a result, his career has been delayed by at least one year and he has lost the opportunity to earn an annual salary of $150,000.00. Plaintiff asserts that "[g]etting the scooter was a 'last ditch' effort to get to the library and spend the full two days of research necessary for a good response." (*Id.* at p.10.) Plaintiff also asserts that, although his claim under the Rehabilitation Act "might still be available by a direct action in the federal court," the time it would take to pursue a federal court action will further delay his career plans. (*Id.* at p.11.) Plaintiff also alleges that he missed deadlines in January in two other actions worth $3.8 million and $4 million respectively, although he provides no further details regarding those actions.

Plaintiff asserts four claims for relief in the first amended complaint. Claim one is

4

a common law fraud claim in which Plaintiff alleges Defendants failed to disclose that delivery of a scooter would require disclosure of private financial information in addition to payment for the scooter. As relief on claim one Plaintiff seeks $1,500 for the cost of the scooter, $300,000.00 for the opportunity cost for missed salary, $300,000.00 for the delay in starting his career, $1 million for the loss of two years of time regardless of potential career and salary, $3.8 million for the cost of a legal action, and $2 million in punitive damages.

Claim two is a common law conversion claim based on the failure to deliver the scooter after Plaintiff paid for it. As relief on claim two Plaintiff seeks $1,500 for the cost of the scooter, $300,000.00 for the opportunity cost for missed salary or for the delay in starting his career, $1 million for the loss of two years of time regardless of potential career and salary, $3.8 million for the cost of a legal action, and $2 million in punitive damages.

Claim three asserts a violation of California Civil Code Section 1798.140(o)(1), which Plaintiff alleges "makes it a violation of state law for a seller to collect private information from a consumer and then transfer that information to a third party that the seller did not name in the initial contract of seller and to which the buyer had no opportunity to refuse." (*Id.* at p.15.) As relief on claim three Plaintiff seeks compensatory damages of $1 million and punitive damages of $2 million.

Claim four is a common law invasion of privacy claim because Defendants allegedly gave Plaintiff's personal financial information to a third party doing business illegally that could use it for identity theft. As relief on claim four Plaintiff seeks $1,500

for the cost of the scooter, $300,000.00 for the opportunity cost for missed salary, $300,000.00 for the delay in starting his career, $1 million for the loss of his right to privacy, $3.8 million for the cost of a legal action, and $2 million in punitive damages.

- **Subject Matter Jurisdiction**

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Furthermore, statutes conferring jurisdiction on federal courts must be strictly construed. *See United States v. Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008).

- **Diversity Jurisdiction**

Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under § 1332 "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." With respect to citizenship of the parties, Plaintiff alleges he is not domiciled in Colorado and Defendants are. The question then becomes whether the amount in controversy exceeds $75,000. The answer to this question depends on the

amount of damages recoverable under Colorado law. *See Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (a federal trial court sitting in diversity applies the forum state's substantive law).

"[W]hen deciding whether the amount in controversy is adequate, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1271 (10th Cir. 1998) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) (footnotes omitted)). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," dismissal is appropriate. *Saint Paul Mercury Indem.*, 303 U.S. at 289; *see also Gibson v. Jeffers,* 478 F.2d 216, 220 (10th Cir. 1973) ("Ordering dismissal of an action in federal district court must therefore be based on a legal certainty that the claim is for less than the jurisdictional amount."). "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of the World Life Ins. Soc'y v. Manganaro,* 342 F.3d 1213, 1217 (10th Cir. 2003). "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Gibson,* 478 F.2d at 221 (footnote omitted); *see also Haskett v. Flanders*, No. 13-cv-03392-RBJ-KLM, 2015 WL 4400512 at *5 (D. Colo. July 20, 2015) (a plaintiff cannot "acquire a federal forum merely by alleging a big number, no matter how divorced from reality it might be").

- **Claim One**

Plaintiff's request for damages pertinent to his fraud claim is divorced from reality. Compensatory damages are awarded to make the injured party whole." *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 (Colo. 1994). Compensatory damages that create an economic windfall disproportionate to the plaintiff's injury are not allowed. *See id.* Thus, "Colorado allows 'recovery in fraud . . . to the extent that the value of the contractual benefits conferred falls short of the value as represented, plus any other damages naturally and proximately caused by the misrepresentation.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014) (quoting *Ballow*, 878 P.2d at 677). "The measure of damages . . . is the benefit of the bargain rule, designed to give the plaintiff his or her expectation interest for loss of bargain." *Ballow*, 878 P.2d at 677 n.5.

Under Colorado law, punitive damages, also known as exemplary damages, may be awarded in the following circumstances:

> (1)(a) In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. *The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party*.

Colo. Rev. Stat. § 13-21-102 (2021) (emphasis added).

The Court finds it is a legal certainty that Plaintiff cannot recover the cost or value of the salary he believes he would have earned at some point in the future based on a delay in starting his chosen career or the dismissed legal action as compensatory damages for his fraud claim. Instead, Plaintiff's request for actual or compensatory

damages is limited to the $1,500 cost of the scooter. As a result, any award of punitive damages also may not exceed $1,500 under C.R.S. § 13-21-102. *See Lira v. Davis,* 832 P.2d 240, 243 (Colo. 1992) (stating that § 13-21-102 "mandates a one-to-one limitation of exemplary damages to actual damages awarded").

- **Claim Two**

Plaintiff's request for damages pertinent to his conversion claim also is divorced from reality. In the context of a conversion claim the amount of compensatory damages is based on the fair market value of the property converted at the time of the conversion. *Employer's Fire Ins. Co. v. Western Guar. Fund Servs.*, 924 P.2d 1107, 1111 (Colo. App. 1996). Therefore, like the common law fraud claim discussed above, the Court finds it is a legal certainty that Plaintiff's request for actual damages is limited to the $1,500 cost of the scooter and any award of punitive damages also may not exceed $1,500 under C.R.S. § 13-21-102. *See Lira,* 832 P.2d at 243.

- **Claim Three**

Plaintiff fails to allege sufficient facts that demonstrate he is entitled to any relief on claim three. As noted above, Plaintiff specifically asserts a violation of California Civil Code Section 1798.140(o)(1), which he alleges "makes it a violation of state law for a seller to collect private information from a consumer and then transfer that information to a third party that the seller did not name in the initial contract of seller and to which the buyer had no opportunity to refuse." (ECF No. 10 at p.15.) However, the provision of California law that Plaintiff cites provides only the definition of "personal information" in the California Consumer Privacy Act of 2018. *See* Cal. Civ. Code § 1798.140(o)(1).

Plaintiff also alleges that § 1798.145(e) provides a private right of action, but § 1798.145(e) actually provides an exemption from the California Consumer Privacy Act. *See* Cal Civ. Code § 1798.145(e).

In short, Plaintiff fails to allege facts that demonstrate either the applicability or a violation of the California Consumer Privacy Act. As a result, the asserted violation of California law is does not demonstrate Plaintiff can satisfy the necessary amount in controversy.

- **Claim Four**

Finally, claim four is a common law invasion of privacy claim. Colorado courts have recognized the existence of three torts relating to the invasion of privacy: (1) unreasonable intrusion on the seclusion of another, *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060 (Colo. App. 1998); (2) unreasonable publicity given to another's private life, *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371 (Colo. 1997); and (3) appropriation of another's name or likeness, *Joe Dickerson & Assocs., Inc. v. Dittmar*, 34 P.3d 995 (Colo. 2001). Plaintiff alleges in support of the common law invasion of privacy claim only that Defendants gave his personal financial information to a third party doing business illegally that could use it for identity theft. He does not allege any facts that state an arguable claim for invasion of privacy under Colorado law and he fails to allege facts that justify the relief he seeks in connection with claim four. As a result, the asserted common law invasion of privacy claim also does not satisfy the necessary amount in controversy.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully RECOMMENDS that the "First Amended Complaint for Fraud, and for Conversion and for Violation of the California Civil Code Section 1798.140(o)(1) and for Invasion of Privacy Under the Common Law" (ECF No. 10) and the action be dismissed without prejudice for lack of subject matter jurisdiction.

DATED April 26, 2022.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge